UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BRIAN JACKSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CREDIT MANAGEMENT, LP )<br>and JOHN DOE )<br>)<br>Defendants. )<br>) | Civil Action No. |

## COMPLAINT

### INTRODUCTION

The plaintiff, Robert Brian Jackson, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors Credit Management, LP, and its employee collector. The defendants invaded the plaintiff's privacy and harassed the plaintiff in an attempt to collect a debt. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

### PARTIES

1. Plaintiff Robert Brian Jackson is an individual consumer residing in Waltham, Massachusetts.

2. Defendant Credit Management, LP ("Credit Management") is a foreign limited partnership with its principal address at 4200 International Parkway, Carrolton, TX 75007.

3. Credit Management is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.

1

4. Credit Management regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

5. Credit Management is a debt collector as defined by 15 U.S.C. § 1692a(6).

6. On information and belief, Defendant John Doe ("Mr. Doe" or the "collector") is an individual collector employed by Credit Management.

7. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue in this district is proper as the plaintiff resides in this district.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, the defendants were attempting to collect an alleged debt or debts from the plaintiff (hereinafter "debt").

11. The debt was allegedly incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. In early May 2012, the plaintiff fully paid his May 2012 cable bill owed to Charter Communications in the approximate amount of $110.00.

13. On or about May 20, 2012, the plaintiff closed his account with Charter Communications.

14. In late July 2012 the plaintiff received a letter from Credit Management, stating that he owed $109.25 in past due debt owed to Charter Communications.

15. Within one day of receiving the letter the plaintiff called Credit Management to inquire about the alleged debt.

16. During the call, the plaintiff told the Credit Management representative that he had paid the debt in May 2012.

17. The representative told the plaintiff to send Credit Management proof of payment by mail within two weeks.

18. The plaintiff advised the representative to direct further phone communications to his mobile phone.

19. The plaintiff did not authorize Credit Management to speak with any third parties regarding the alleged debt.

20. On or about July 30, 2012, the plaintiff sent a letter to Credit Management denying that he owed the debt and included proof that the debt had been previously paid on May 4, 2012.

21. On September 4, 2012, the defendant John Doe, acting on behalf of Credit Management called the plaintiff's father, Robert E. Jackson, at his home.

22. The collector was at all relevant times, acting within the scope of his employment and/or with actual or apparent authority from Credit Management.

23. The plaintiff does not live with his father.

24. The collector told plaintiff's father that his name was "Mike" and that he was calling regarding a debt he owed in the amount of $109.25.

25. Plaintiff's father inquired as to the when the debt was incurred and for what purpose.

26. The collector advised him that the debt was for a past due Charter Cable bill and that if he did not pay it immediately, the debt would increase to $300.00 and he would be sued.

27. At this point the plaintiff's father realized that the collector was looking for his son, Robert Brian Jackson, the plaintiff in this case.

28. Plaintiff's father advised the collector that the debt was not his debt and that it was his son's account.

29. The collector, after being advised that he was not speaking with the plaintiff, continued to attempt to collect the debt from plaintiff's father.

30. The collector told plaintiff's father that it did not matter whether it was his son's debt or his debt and that it must be paid immediately.

31. The collector directed the plaintiff's father to a website to pay the bill online using his credit card.

32. The collector repeated that if the debt was not paid immediately, it would increase to $300.

33. Plaintiff's father acquiesced to the collectors demand and proceeded to pay the debt by phone by providing his credit card information to the collector.

34. On October 12, 2012, plaintiff's father received a letter from Credit Management containing information on the alleged debt and noting that the account had been paid in full.

35. In late October 2012, Credit Management refunded the money paid by plaintiff's father.

36. The defendants' unlawful acts caused the plaintiff damages including, but not limited to, emotional distress damages.

## CLAIM FOR RELIEF
### Count I
### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates and realleges the foregoing paragraphs.

38. The defendants communicated, in connection with the collection of a debt, with persons other than the plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b).

39. The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

40. The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

41. The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

42. The defendants' actions caused the plaintiff damages.

43. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award him statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Robert Brian Jackson, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.
B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).
E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 31st day of December, 2012.

ROBERT BRIAN JACKSON

by his attorneys,

John B. O'Donnell, BBO# 673351
Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282

5